(No. 83-CC-0100–)
ROBERT BRZEZICKI *et al.*, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed April 19, 1984.*
*Order filed November 15, 1991.*
*Order filed January 31, 1992.*

RONALD J. LUCACCIONI, for Claimants.

ROLAND W. BURRIS, Attorney General (JOHN R. BUCKLEY, Assistant Attorney General, of counsel), for Respondent.

## ORDER

HOLDERMAN, J.

This matter coming before the Court upon Respondent's motion to dismiss, due notice having been served and the Court being fully advised in the premises, we find as follows:

The instant claim sounds in tort and arose from an automobile accident on July 27, 1981. On June 3, 1983, Respondent served Claimant with a set of interrogatories and a notice to produce. At the time Respondent filed the instant motion, over six months had elapsed without any responses from Claimant. Respondent wrote four letters to Claimant during this time asking for compliance, in each instance allowing Claimant an additional 30 days to answer. These efforts having been ineffective, Respondent filed the instant motion.

We are of the opinion that Respondent has made reasonable efforts on its own to obtain compliance from Claimant, and that Respondent's present recourse to the Court is proper and justifiable. We are also of the opinion that Claimant's failure to answer discovery for over six months is improper and unreasonable.

It is hereby ordered that the instant claim be, and the same is, hereby dismissed.

## ORDER

MONTANA, C.J.

Claimants filed this claim on July 27, 1982, seeking

compensation for personal injuries and other damages arising out of an automobile accident which occurred on July 27, 1981. On motion of the Respondent the case was ordered placed on general continuance on December 20, 1982, pending resolution of suits in other forums which arose from the same occurrence as gave rise to the case at bar. After a three-year discovery dispute the case was again ordered placed on general continuance pending resolution of another matter.

When a claim is on general continuance, it is the claimants' responsibility to file annual status reports during April or May and the failure to do so is grounds for dismissal. (Sections 790.70 and 790.90 of the Court of Claims Regulations.) The last status report was filed in 1987. Notices that reports were due were mailed by the clerk's office in 1988, 1989, 1990, and 1991. Nothing has been filed by any of the parties in over four years.

A review of the record indicates that there may be some confusion among the Claimants as to the status of the case in two areas. First, on July 23, 1983, a petition to intervene was filed. The record does not reflect that the petition was ever acted on; at least there is no indication in the master file in the clerk's office or on the docket that an order was entered. There is indicia that some pleadings were sent periodically to counsel for the purported intervenor. If the petition was not acted on previously, we hereby do grant it.

Second, the last status report was filed by an attorney apparently not of record in this case. The report stated, *inter alia*, that Ronald J. Lucaccioni, Ltd., would be filing shortly his substitution of attorneys and that a copy of same was attached to the report. No copy was attached to the report nor was a substitution filed at any time thereafter.

According to records in the clerk's office the law firm of Vasan & Associates represents the Claimants and the law firm of Orner, Wasserman, & Moore, Ltd., represents the intervenor.

This Court is willing to maintain an open file on this case for as long as is necessary, but it will not do so indefinitely when the parties fail to express any interest in it and fail to comply with the rules.

Wherefore, it is hereby ordered that a status report be filed herein within 30 days; it is further ordered that if no report is on file within said time this claim is dismissed and the clerk's office is directed to so notify the parties.

## ORDER

Montana, C.J.

This cause comes on to be heard following our order of November 15, 1991, it appearing that due notice has been given, and the Court being advised.

On November 15, 1991, an order was entered herein requiring that a status report be filed within 30 days and if none was on file after 30 days the claim was to be dismissed. The order also noted that records in the clerk's office indicated that the law firm of Vasan & Associates represents the Claimant herein and that Orner, Wasserman, & Moore, Ltd., represents the intervenor. Neither law firm filed a status report. However, Vasan & Associates filed a pleading entitled EXPLANATION which advised the Court of certain matters concerning the representation of the Claimants.

Based on the failure to file status reports or any other pleadings for nearly four years, the Court finds

that the parties have not made a good faith effort to proceed with this case and have abandoned it.

It is hereby ordered that the law firm of Vasan & Associates is withdrawn from this claim effective May 6, 1987, *nunc pro tunc*, and this claim is hereby dismissed as to all parties.